**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PASTOR MACHUCA,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

No. CV 11-110-TUC-CKJ
CR 10-1970-TUC-CKJ

**ORDER**

Pending before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

I. *Background*

On August 11, 2010, Petitioner Pastor Machuca ("Machuca") was indicted on one count of Re-Entry After Deportation. On September 21, 2010, Machuca entered a plea of guilty pursuant to a plea agreement. The plea agreement provided, *inter alia*:

> Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P. and U.S.S.G. § 5K3.1, the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:
>
> **(A)** **Level 24 Offenses.** Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), if the defendant has a prior felony conviction for (i) a drug trafficking offense for which the sentence imposed exceeded 13 month; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, then the government and defendant agree the defendant's sentence shall be as follows:
>
> * * * * *
>
> 37 to 46 months of imprisonment if defendant's Criminal History Category is III;

* * * * *

Plea Agreement (CR 10-1970, Doc. 13), p. 2.

On December 20, 2010, Machuca was sentenced to a term of thirty-seven (37) months in the custody of the Bureau of Prisons to be followed by a thirty-six (36) month term of supervised release.

On or about February 17, 2011, Machuca filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255). The government has filed a response and Machuca has filed a reply.[1]

II. *Waiver of Right to File 28 U.S.C. § 2255 Petition*

A waiver generally will be enforced if the agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Vences*, 169 F.3d 611 (9th Cir. 1999)(sentence was not illegal where it was authorized by the judgment of conviction and was not in excess of the statutory penalty). In this case, the plea agreement provided that Machuca waived any right to appeal the Court's entry of judgment or sentence and waived any right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255. The plea agreement further provided that Machuca waived any and all motions attacking the judgment and sentence providing the sentence was consistent with the plea agreement. Machuca's sentence was consistent with the plea agreement.

However, a defendant may challenge counsel's ineffectiveness as it relates to the voluntariness of a plea waiver. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.

---

[1]The Court notes that Machuca's arguments regarding the Sentencing Guidelines are either incorrect or misleading. For example, contrary to Machuca's assertion, the presentence report did not find that Machuca fell within a Criminal History Category of I. Moreover, although Machuca asserts that an Offense Level of 18, with a Criminal History Category I, carries an advisory guideline range of 27-33 months, Machuca had a Total Offense Level of 21, with a Criminal History Category of III, which carries an advisory guideline range of 46 to 57 months.

2005); *see also United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005). The Ninth Circuit has stated that a "'decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence[.]'" *United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001), *reversed on other grounds, quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). The Court finds, therefore, that it is appropriate to consider Machuca's ineffective claims concerning the voluntariness of the plea. Additionally, although the sentence was consistent with the plea agreement, the Court will briefly address Machuca's arguments regarding ineffective assistance of counsel claims.

III. *Ineffective Assistance of Counsel – Plea Proceedings*

To prevail on a claim of ineffective assistance of counsel, Machuca must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Machuca was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). "A claim of ineffective assistance used to attack the validity of a guilty plea may be sustained where the petitioner establishes that the ineffective performance 'affected the outcome of the plea process . . . [such] that absent the erroneous advice, [he] would have insisted on going to trial.'" *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996), *quoting Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [deficient]."); *see also United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001),

*reversed on other grounds, quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000) ("a 'decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence'").

Machuca's requested relief is that his sentence "be reviewed for a new hearing." Petition (Doc. 1), p. 4. In other words, Machuca has not alleged that the asserted deficiency affected the plea process or that he would have insisted on going to trial. *Baramdyka*, 95 F.3d at 844.

Moreover, Machuca's assertion that counsel misled him and made him sign the plea agreement is not supported by the record. As summarized by the government:

> On September 21, 2010, at a change of plea hearing, the defendant voluntarily entered into a written plea agreement. (Dkt No. 13) Prior to the hearing, on August 13, 2010, the defendant's attorney translated or caused to be translated the written plea agreement from English to Spanish for the defendant. (Dkt No. 13 p. 9) At the change of plea hearing, the defendant, under oath, stated that the plea agreement was explained to him by his attorney, that he understood the terms and conditions of the agreement, and he agreed to by bound by the terms and conditions. (Dkt No. 22, pp 6-7) Further, the defendant stated that no one had made any promises that were not contained in the agreement, nor had anyone forced him, threatened him, or coerced him into entering into the plea agreement. (*Id*.) Instead, he admitted that he was entering into the plea agreement voluntarily, because he was guilty and because he thought it was in his best interest to plead guilty. (*Id*.) The defendant acknowledged that the plea contemplated him receiving between thirty to seventy-eight months imprisonment, and that he had reviewed the ranges with his attorney to see which of the ranges most likely applied to him. (*Id*. at 9-10) The defendant also stated that he was satisfied with the work of his attorney. (*Id*. at p12) Finally, the defendant stated that he understood that he was giving up his right to appeal his conviction and sentence. (*Id*. at 11-12).

Response, p. 2. An avowal in a court of law that a plea is being entered into voluntarily, and without any outside promises or threats, carries a strong presumption of veracity in subsequent pleadings attacking a plea. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Machuca's "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987).

Additionally, during the sentencing proceeding, the following occurred:

> [THE COURT]: Mr. Valenzuela, have you reviewed the presentence report including the recommendation section with your client?
>
> MR. VALENZUELA: I have, your Honor.
>
> THE COURT: And do you feel that he adequately understands those documents?

MR. VALENZUELA: Yes, your Honor.

THE COURT: And Mr. Machuca, sir, have you been satisfied with the services of your attorney in your cases?

MR. MACHUCA: Yes.

THE COURT: Has Mr. Valenzuela been able to answer any questions that you may have had about your cases?

MR. MACHUCA: Yes.

THE COURT: And has he discussed the presentence report including the recommendation section with you?

MR. MACHUCA: Yes.

December 20, 2010 Sentencing Transcript (Doc. 21), pp. 1-2. The following also occurred:

THE COURT: Thank you, counsel. Mr. Machuca, sir, is there any statement that you would like to make on your own behalf at this time?

MR. MACHUCA: First of all, I would like to apologize for not being aware of the laws of this country, and I ask that you would have compassion towards me for my children.

And once again, I say -- I ask you to please have compassion towards me and my children. I don't want to lose my family. I want to be with them.

And now I understand that, now that my attorney has – has explained to me that I can be and will be deported again.

But I ask that you not judge me for my past, nor my future. I ask to be judged for the present.

And that's all.

THE COURT: Thank you for your remarks.

*Id*., p. 7.

Machuca asserts counsel misled him and made him sign the plea agreement. Where a claim involves alleged occurrences outside the record, a hearing is not required if the allegations "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir.1985), *quoting United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984). Where the allegations of a petitioner contradict statements made in court, credibility must be assessed. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). An

evidentiary hearing is not required where the issue of credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988).[2] Also, courts may expand the record with other documentary evidence, use their own notes and recollections, and use common sense. *Shah*, 878 F.2d at 1159; *see also United States v. Espinoza*, 866 F.2d 1067, 1070 (9th Cir.1988).

The Court, therefore, properly considers the affidavit of Machuca's counsel. *See* Doc. 10. The Court also considers Machuca's statements in the record and the remainder of the record. Machuca's assertions that counsel did not adequately explain the terms of the plea agreement to him are directly contradicted by the record:

> THE COURT: Mr. Valenzuela, is it clearly a level 24 offense in Mr. Machuca's case?
>
> MR. VALENZUELA: Yes, Your Honor.
>
> THE COURT: Mr. Machuca, you will face one of those six sentencing ranges in the middle of page 2. The most lenient range is 30 to 37 months. It goes up in increments. The most severe range is 63 to 78 months.
>
> Do you understand that, sir?
>
> DEFENDANT MACHUCA: Yes.
>
> THE COURT: Did you review those ranges with Mr. Valenzuela to see which is the most likely that applies to you?
>
> DEFENDANT MACHUCA: Yes.

September 21, 2010 COP Transcript (Doc. 22), pp. 9-10. As to the petition to revoke the supervised release conditions, the following occurred:

> THE COURT: Mr. Valenzuela explained this agreement to you before you signed it?
>
> DEFENDANT MACHUCA: Yes.
>
> THE COURT: According to page 1 of the agreement, you are going to admit to allegation A in the petition, the only allegation in the petition. Do you understand that?

---

[2]However, a hearing may be required "in spite of 'the barrier of the plea or sentencing procedure record [which], although imposing, is not invariably insurmountable.'" *Shah*, 878 F.2d at 1158, *quoting Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

> DEFENDANT MACHUCA: Yes.
>
> THE COURT: Page 2 says that you agreed to the standard agreement of the sentencing range that goes from the bottom to the middle of the applicable range on the revocation table; in your case four to seven months in prison.
>
> Do you understand that?
>
> DEFENDANT MACHUCA: Yes.
>
> THE COURT: That Judge Jorgenson will impose an additional term of supervised release to follow your term of incarceration.
>
> Do you understand that?
>
> DEFENDANT MACHUCA: Yes.
>
> THE COURT: There is no agreement as to whether this sentence will be consecutive or concurrent to the sentence you receive on the new charge.
>
> Do you understand that?

*Id*. at 21-22. In other words, during the same proceeding, Machuca stated that he understood that he was subject to both one of six sentencing ranges for the Re-Entry After Deportation offense and a 4 to 7 month sentencing range for the violation of supervised release. "[N]othing in the record impeaches [Machuca's] plea or suggests that his admissions in open court were anything but the truth." *Brady v. United States*, 397 U.S. 742, 758, 90 S.Ct. 1463, 1474, 25 L.Ed.2d 747 (1970). The Court finds Machuca is not entitled to relief on this claim.

IV. *Ineffective Assistance of Counsel – Sentencing Proceedings*

Machuca also asserts that counsel was ineffective for failing to object to the sentence calculation in the Pre-Sentence Report. As stated by the Court:

> The Court further finds that the report accurately calculates under the Advisory Sentencing Guidelines a base offense level of eight, a 16 level enhancement because you were deported following a felony conviction for a drug trafficking offense, which was the crime of possession with intent to distribute cocaine, a felony, out of the Federal District Court in the Southern District of Ohio which is the basis of your supervised release matter, for an adjusted offense level of 24, a three level adjustment for acceptance of responsibility, for a total offense level of 21, and a criminal history category of three, and that is based on a total of five criminal history points, for a range under the advisory guidelines of 46 to 57 months in custody.
>
> Your plea agreement calls for a range in your new case of 37 to 46 months in custody. I will follow the terms of your plea agreement finding that to do so is consistent and promotes the statutory factors of sentencing, and grant a departure on the

government's motion under its early disposition program to reach the range of 37 to 46 months.

R.T. 10/20/10, p. 3-4. Sixteen levels were correctly added to the offense level computation based on Machuca having been deported subsequent to a felony drug trafficking conviction for possession with intent to distribute cocaine, for which the sentence imposed exceeded 13 months. U.S.S.G. §2L1.2(b)(1)(A)(i). Further, an adjustment was made for acceptance of responsibility and a departure was granted under the early disposition program. The Court finds that Machuca has failed to show that he was prejudiced by any alleged deficiency of counsel.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Machuca's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. Machuca's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [CV 11-110, Doc. 1, CR 10-1970, Doc. 18] is DENIED;

2. Cause No. CV 11-110 is DISMISSED

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 11-110.

4. A Certificate of Appealability shall not issue in this case.

DATED this 27th day of September, 2011.

Cindy K. Jorgenson
United States District Judge